# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO RIVERA NARVAEZ AND ADELA ROSADO MALDONADO,<br><br>**Plaintiffs**<br><br>v.<br><br>JC PENNEY PUERTO RICO, INC. ET AL.,<br><br>**Defendants** | **CIVIL NO.** 18-1896(RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. (Docket No. 8). After reviewing the documents on record and the applicable law, the Court hereby **DENIES** Defendants' motion to dismiss and **REMANDS** this lawsuit to the Puerto Rico Court of First Instance, Bayamon Superior Part, for lack of subject matter jurisdiction.

## I. BACKGROUND

On September 20, 2018, Francisco Rivera-Narvaez and Adela Rosado Maldonado (collectively "Plaintiffs") filed a *Complaint* in the Puerto Rico Court of First Instance against JC Penney Puerto Rico, Inc. ("JC Penney"); Synchrony Bank ("Synchrony"); as well as Sam's Club Puerto Rico; T.J. Maxx Puerto Rico; Walmart Puerto Rico;

Old Navy Puerto Rico and their unnamed insurance companies. (Docket No. 1-1 at 1-3). Plaintiffs allege that in November 2017, they were victims of identity theft, and that as a result, their credit cards with the stores JC Penney, Sam's Club, T.J. Maxx, Walmart an Old Navy were used improperly and without their authorization. (Docket No. 1-1 at 4-5). Plaintiffs contend that the damages to their finances and credit were caused by Defendants' negligence and failure to authorize the identification of credit card users. (Docket No. 1-1 at 6).

JC Penney and Synchrony (collectively "Defendants") filed a *Notice of Removal* on November 21, 2018. (Docket No. 1). Defendants argue that the claims in the *Complaint* arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681u, and thus, the Court has original jurisdiction. (Docket No. 1 at 2).

On December 28, 2018, Defendants filed a Motion to Dismiss on the grounds that Plaintiffs merely alleged that Defendants were negligent and failed to mention that they disputed the reporting of their account with any Credit Reporting Agency. (Docket No. 8 at 7). Furthermore, Defendants argue that Section 1681(e) of the FCRA explicitly limits Defendants' liability for allegedly providing inaccurate credit information. (Docket No. 8 at 7). Defendant's Motion to Dismiss went unopposed. (Docket Nos. 13 and 14).

This case was reassigned to the undersigned on June 6, 2019. (Docket No. 16).

## II. APPLICABLE LAW

*A. The Standard of Review for Removal*

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In order for a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

*B. The Well-Pleaded Complaint Rule*

The Supreme Court has established that ordinarily, a plaintiff is the "master of the complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). As such, the well-pleaded complaint rule enables a plaintiff to have their cause of action heard in state court by "eschewing claims based on federal law." Caterpillar Inc. v. Williams, 482 U.S. at 398-399 (1987). Therefor, "if the allegations presented in the

complaint are premised only on local law, **the claim cannot be deemed to have arisen under federal law and the case cannot be removed**." Iturrino Carrillo v. Marina Puerto del Rey Operations, LLC, 2019 WL 3385173, at *2 (D.P.R. July 26, 2019). (emphasis added). *Citing* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) and Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007). Even when plaintiffs could have asserted a federal law claim, this District has recognized their discretion to decline to do so. *See* Villegas, 641 F. Supp. 2d at 112-13.

As an exception to the well-pleaded complaint rule, "certain state claims are subject to removal, even if they purport to rest only on state law, because **the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action**." Negron-Fuentes, 532 F.3d at 6. (emphasis added).

*C. Remanding Claims for Lack of Subject Matter Jurisdiction*

Under 28 U.S.C § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." In accordance with this statute, there exists consensus that "failure to raise any nonjurisdictional basis for remand, including untimely removal, within the statutory time period results in waiver of the argument for remand, whether remand is upon motion by the plaintiff or granted *sua sponte* by the Court."

Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (citations omitted).

On the other hand, 28 U.S.C § 1447(c) also dictates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, pursuant to this section, subject matter jurisdiction **can be entertained at any time and it can be either raised by the Court sua sponte or by the parties to the proceedings**." Modern Office Sys., Inc. v. AIM Caribbean Exp., Inc., 802 F. Supp. 617, 618 (D.P.R. 1992).

   *D. The Fair Credit Reporting Act*

The Fair Credit Reporting Act ("FCRA") was enacted by Congress "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205, 167 L. Ed. 2d 1045 (2007). To achieve this purpose, Section 1681s-2 of the FCRA establishes a series of duties and responsibilities for entities that furnish information to consumer reporting agencies ("CRAs") to abide by. 15 U.S.C. § 1681s-2. Namely, under this section, furnishers of information are obligated to provide accurate information to consumer reporting agencies and investigate and report any disputes they receive from consumers. Id.

In addition to imposing said duties, the FCRA also limits the liability of furnishers of information and other persons covered by the law. Generally,

> [N]o consumer may bring any action or proceeding in the nature of **defamation, invasion of privacy, or negligence with respect to the reporting of information** against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to […] this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**. 15 U.S.C.A. § 1681h(e). (emphasis added).

Beyond limiting the liability for furnishers of information, the FCRA explicitly states "no requirement or prohibition may be imposed under **the laws of any State**" with regards to the "**responsibilities of persons who furnish information to consumer reporting agencies**" pursuant to section 1681s-2. 15 U.S.C. § 1681t(B)(1)(F). In other words, the FCRA preempts state law claims against entities that provide information to CRAs with regards to **how they report credit information and handle consumer disputes.** However, this section also states that despite the aforementioned prohibition, the FCRA does not annul, alter, affect, or exempt any person from complying with the laws of any State with respect to "the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any

provision of this subchapter, and then only to the extent of the inconsistency. 15 U.S.C.A. § 1681t(a).

It is worth noting that neither the limitation on liability under Section 1681h(e) nor the preemption established by Section 1681t of the FCRA concerning claims against furnishers of information are absolute. The language contained in both sections is limited to claims regarding the **reporting of credit information**. Moreover, Section 1681t explicitly states that persons covered by the FCRA must still comply with State law provisions aimed at preventing identity theft. 15 U.S.C.A. § 1681t(a).

While there is some debate amongst federal courts with regards to which actions are completely preempted by the FCRA, this District has held that "all state law claims against **a person who furnished information** to a consumer reporting agency, for **acts occurred after the consumer reporting agency received notice of the consumer's dispute, are totally preempted by the FCRA**." Gonzalez-Bencon v. Doral Bank, 759 F. Supp. 2d 229, 236 (D.P.R. 2010). (emphasis added). Therefore, in cases where the FCRA completely preempts state law, the complaint does not need to explicitly contain a claim under the FCRA in order to be properly removed. *See* Keller v. Bank of Am., N.A., 228 F. Supp. 3d 1247, 1253 (D. Kan. 2017) ("Although plaintiff does not specifically claim that defendant is a 'furnisher,' plaintiff alleges sufficient facts that he is a consumer within the meaning of the

statute, and that defendant has provided incorrect information concerning plaintiff's bank account.")

However, complete preemption **does not apply** to claims unrelated to credit reporting. In Galper v. JP Morgan Chase Bank, N.A., the Second Circuit determined that the FCRA did not preempt plaintiffs' state law claims against Chase Bank for identity theft and aiding and abetting identity theft based on Chase's vicarious liability for its employees. Galper v. JP Morgan Chase Bank, N.A., 802 F.3d 437 (2d Cir. 2015). The Second Circuit determined that Section 1681t(b)(1)(F) "must be read to preempt *only* those claims against furnishers that are 'with respect to' the subject matter regulated under § 1681s-2". Galper, 802 at 446. Moreover, the term "with respect to" should be interpreted to apply to (1) individuals when they are acting as furnishers of information and (2) claims against said furnishers that concern their responsibilities under the FCRA. Id. at 446-447. The Court reasoned that identity theft claims are "distinct from any erroneous or otherwise wrongful actions by Chase in furnishing information to consumer reporting agencies." Id. at 441. Therefore, given that said claims "are not 'with respect to' the responsibilities of persons who furnish information to consumer reporting agencies" as required by the statute, they are not preempted by the FCRA. Id. at 441.

## III. ANALYSIS

The Complaint before the Court presents a claim exclusively under Puerto Rico's general tort statute, Article 1802 of the Puerto Rico's Civil Code. P.R. Laws Ann. tit. 31, § 5141 (1991). As the masters of their *Complaint*, Plaintiffs chose not to invoke any applicable federal statute. Although federal jurisdiction cannot be avoided by presenting only state law claims when complete preemption applies, plaintiffs **must still allege sufficient facts so that their claims effectively arise under the preempting federal statute.**

In this case, Plaintiffs' only contention is that Defendants were negligent by failing to verify the identification of credit card users, therefore allowing a third party to use their credit card without proper authorization, causing damages to Plaintiffs' finances and credit. (Docket No. 1-1). Although Plaintiffs do seek damages for the negative effects identity theft had on their credit, Plaintiffs do not allege **any facts or claims regarding erroneous credit reporting**. (Docket No. 1-1). The claims against Defendants are not related to their capacity or responsibilities as furnishers of credit information, but rather to their alleged negligence in avoiding identity theft. *See* Galper, 802 at 446-447. In other words, Plaintiffs claims are not "with respect to" the responsibilities of furnishers of credit information (the subject matter regulated under Section 1681s-2) and are therefore not

within the scope of preemption established by Section 1681t of the FCRA. Id. at 446. It is worth reiterating that the same section of the FCRA that establishes Congress's intent to preempt state law claims regulating credit reporting explicitly carves out an exception for identity theft. *See* 15 U.S.C.A. § 1681t(a).

As noted by Defendants in their Motion to Dismiss, Plaintiffs do not include any CRAs as defendants, name who is reporting incorrect information, or allege precisely what information is being falsely reported." (Docket No. 8 at 3-4). Defendants argue that this constitutes a failure to adequately state a claim under the FCRA. However, in light of the well-pleaded complaint rule, said "omissions" are indicative that Plaintiffs did not present a claim arising under the FCRA at all. On their part, Defendants do not provide **any** case law in their *Notice of Removal* to demonstrates that analogous claims have been tried in or removed to federal district courts. In their Motion to Dismiss, Defendants correctly identify that the FCRA limits the liability for furnishers of information and preempts certain state law claims against said furnishers. However, they fail to recognize that Plaintiff's lawsuit is simply not predicated on any violation of the FCRA and thus, their claims are neither limited nor preempted by the federal statute.

Although Plaintiffs have not presented a request to remand their claims to state court, pursuant to 28 U.S.C § 1447(c) and

its applicable case law, this Court, *sua sponte*, remands the present case for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss is **DENIED**. (Docket No. 8). However, due to the lack of subject matter jurisdiction, this Court **ORDERS** that the present case be remanded to the Puerto Rico Court of First Instance, Bayamon Superior Part, case number BY2018CV03064.

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan Puerto Rico, this 20th day of August 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
